FIRST DIVISION

May 14, 2001

No. 1-00-1412

THE ESTATE OF NORMA PRICE, Deceased,

Plaintiff-Appellant, 

v.

UNIVERSAL CASUALTY COMPANY,

Defendant-Appellee.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Bernetta D. Bush,

Judge Presiding.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Plaintiff, the estate of Norma Price, appeals the trial court's denial of her cause of action under section 155 of the Insurance Code (215 ILCS 5/155 (West 1998)) against defendant, Universal Casualty Company.  Plaintiff's decedent (Norma) was involved in a hit-and-run accident and obtained an arbitration award for uninsured motorists benefits.  After defendant refused to pay the arbitration award, plaintiff brought this complaint to confirm the arbitration award and for section 155 damages.  Plaintiff's complaint alleged that "Universal's conduct in this cause in failing to seek judicial determination of coverage disputes prior to the arbitrator [
sic
], in failing to participate in the arbitration[,] and failing and refusing to pay said award in full and in a timely manner, despite repeated demands for payment of same, amount to vexatious and unreasonable conduct within the meaning of [section 155]."  On appeal, plaintiff argues that the trial court's denial of her section 155 claim is against the manifest weight of evidence.

Initially, we note that plaintiff mainly relied on documentary evidence to establish a section 155 violation.  Although the trial court initially denied plaintiff's counsel's request to admit into evidence documents that he received pursuant to a request to produce, the court allowed plaintiff's counsel to admit into evidence original documents from defendant's claim file.  In addition, the court allowed plaintiff to call defendant's claim manager, who testified that these documents were contained in defendant's file and maintained in the ordinary course of business.  The court also admitted into evidence correspondences between the parties' counsel.  Finally, the court either took judicial notice of or, without any objection, admitted into evidence several court orders.

The documentary evidence established that on January 30, 1997, Norma was in a motor vehicle accident and sustained personal injuries.  Norma reported the claim to defendant on February 4, 1997, and defendant described the accident in its claim form as a "Hit & Run."  On September 17, 1998, defendant's claims manager wrote "this is a one-vehicle accident where our insured apparently claimed that they [
sic
] were cut-off by an unknown vehicle and forced into a wall resulting in an impact with a fixed object."  Defendant's claims manager further wrote that the police report did not mention that Norma came in contact with an uninsured vehicle and that he was waiting to raise that issue until Norma gave a sworn statement.  Defendant's claims manager additionally wrote that a report in the file indicated that Norma sustained a broken wrist and herniated disk.  

The case was scheduled for arbitration.  On February 1, 1999, defendant moved to stay the arbitration, which the circuit court denied in case number 98 CH 13682.  On February 22, 1999, the arbitrator then found in favor of  Norma and awarded her $20,000, the limits of her insurance policy. On March 2, 1999, plaintiff filed this action.  On August 19, 1999, the trial court granted plaintiff's motion for summary judgment to confirm the arbitration award.  The court ordered defendant to pay plaintiff $20,000, costs, and interest from the date of the award.  Defendant then offered to settle with plaintiff for $15,000 and told plaintiff's counsel that if plaintiff did not accept the offer, defendant would appeal.  

On September 24, 1999, plaintiff's counsel wrote to defendant's counsel to determine the status of the case.  Plaintiff's counsel noted that he had left telephone messages on September 22, 23 and 24, 1999, which had not been returned.  Plaintiff's counsel gave defendant until September 29, 1999, to make full payment of the judgment or plaintiff would start collection proceedings.  On September 30, 1999, defendant delivered to plaintiff's counsel a check for $20,450.  In an attached letter, defendant's counsel recognized that plaintiff's counsel "may have calculated interest and costs differently."  Defense counsel explained that if his calculations were less than plaintiff's, he would "deliver a check for the balance upon your notification."

On September 30, 1999, plaintiff's counsel responded that the total due to plaintiff, including interest from the date of the arbitration award until September 30, 1999, and costs was $21,329. Plaintiff's counsel, therefore, requested defendant to pay an additional $829 to satisfy the judgment.  On October 8, 1999, defense counsel responded that "[defendant] will not be paying interest from the date of the arbitration award."  Defense counsel further stated that plaintiff brought the declaratory action at her own "peril."  Defense counsel offered to "listen" if plaintiff revised her demand.  Plaintiff then instituted garnishment proceedings, and on November 18, 1999, the court ordered defendant's garnishee to pay plaintiff $929.

After plaintiff rested, defendant moved for a directed finding.  The court ruled that it had been presented with no "real evidence in the court's view that would substantiate the claim of vexatious interruption and delay in a trial."  Despite this finding, the court discussed the nature of the evidence before it.  The court believed that defendant was "aggressive" and that delay could be inferred from the documents.  The court, however, believed that some of the delay could also be attributed to plaintiff.  The court also found some "vexation" but attributed this to the nature of the contested litigation.  The court, therefore, granted defendant's motion for a directed finding.  This appeal followed.

As defendant correctly notes, the trial court granted defendant's motion for a directed finding pursuant to section 2-1110 of the Code of Civil Procedure.  735 ILCS 5/2-1110 (West 1998).  Section 2-1110 allows a defendant to move for a finding in the defendant's favor at the close of plaintiff's case.  It further states: "In ruling on the motion the court shall weigh the evidence, considering the credibility of the witnesses and the weight and quality of the evidence."  735 ILCS 5/2-1110 (West 1998).  Under this section, the court conducts a two-part analysis.  First, it determines whether plaintiff has presented a 
prima facie
 case, and, if not, it enters judgment in favor of the defendant.  
In re Estate of Goldstein
, 293 Ill. App. 3d 700, 709 (1997).  If the court finds that plaintiff has presented a 
prima facie
 case, the court then considers the general weight and quality of the evidence before it, including evidence favorable to the defendant
.  
In re Estate of Goldstein
, 293 Ill. App. 3d at 709.  After weighing this evidence, the court applies the standard of proof required for the underlying case to determine whether sufficient proof remains to sustain plaintiff's 
prima facie
 case.  
Wehde v. Regional Transportation Authority
, 237 Ill. App. 3d 664, 676 (1992).  If the court finds insufficient proof to satisfy the required burden of proof, the court should grant the motion and enter judgment against the plaintiff.  
Wehde
, 237 Ill. App. 3d at 676.  The trial court's decision under the second part of this analysis will not be disturbed unless it is against the manifest weight of the evidence.  
Evans v. Gurnee Inns
, 
Inc.
, 268 Ill. App. 3d 1098, 1102 (1994).
 

In this case, the record indicates that the trial court weighed and evaluated plaintiff's evidence.  After defendant moved for a directed judgment, the court indicated that it "was leaning towards entering a judgment for the time" defendant delayed in paying the arbitration award.  However, after reviewing plaintiff's counsel's affidavit detailing the time he spent on the case, the court noted that plaintiff filed a garnishment proceeding before receiving defendant's letter that disputed the amount of interest defendant owed.  Therefore, based on the court's oral ruling and its discussion of the evidence, the court determined that plaintiff satisfied her 
prima facie
 case but provided insufficient "competent" evidence to satisfy her burden of proof.  We, therefore, must determine if the court's finding that plaintiff did not meet her burden of proof to establish a violation of section 155 is against the manifest weight of evidence.

To determine whether the insurer's conduct was vexatious and unreasonable, the court should consider "the insurer's attitude, whether the insured was forced to file suit to recover, and whether the insured was deprived of the use of its property."  
Mobil Oil Corp. v. Maryland Casualty Co.
, 288 Ill. App. 3d 743, 752 (1997).  Section 155 is also intended to prevent the insurer from using its superior financial position to profit at the insured's expense.  
Valdovinos v. Gallant Insurance Co.
, 314 Ill. App. 3d 1018, 1022 (2000).  A trial court must consider the insurer's conduct in the totality of the circumstances.  
Marcheschi v. Illinois Farmers Insurance Co.
, 298 Ill. App. 3d 306 (1998).  In addition, when there is 
a 
bona fide
 dispute as to whether an insurance policy was in effect at the time of the loss, an insurer may delay in paying the claim. 
 Peerless Enterprise, Inc.
 
v. Kruse
, 317 Ill. App. 3d 133, 145 (2000).  

Plaintiff asserts that its documentary evidence establishes unreasonable and vexatious delay. Plaintiff cites the following conduct:  defendant moved to stay the arbitration; defendant then refused to pay the award, requiring plaintiff to file suit; when the trial court confirmed the arbitration award, defendant neither appealed the trial court's judgment nor paid within 30 days of the judgment; and to recover the full amount of the court's judgment, plaintiff was required to initiate collection proceedings.  A review of the documents plaintiff submitted provides evidence that defendant's action and delay in either settling or paying the claim was unreasonable and vexatious.  Specifically, defendant's attitude was to delay settlement and payment of this claim; defendant required plaintiff to bring suit; defendant did not offer any settlement until the trial court ruled against it; and defendant refused to comply with the court's order awarding plaintiff interest from the date of the arbitration award.  We believe that, under the totality of circumstances, plaintiff's documentary evidence established sufficient unreasonable delay and vexatious conduct to support a claim under section 155.

The trial court, in fact, acknowledged delay and vexatious conduct.  Plaintiff filed suit because defendant refused to arbitrate plaintiff's dispute or accept the arbitration award.  When the trial court confirmed the arbitration award and ordered defendant to pay interest, defendant did not submit payment or appeal the award within 30 days.  Defendant eventually paid part of the judgment but only after plaintiff's counsel demanded payment and indicated the intent to initiate collection proceedings.  After plaintiff's counsel told defendant's counsel that it had not paid the full judgment, defense counsel responded that it would "not be paying interest from the date of the arbitration award."  That response directly contradicted the earlier court order requiring defendant to pay interest from the date of the award.  Therefore, although defendant did not appeal the trial court's award of interest, it still refused to pay interest and required plaintiff to initiate collection proceedings.  The record reflects sufficient competent evidence that defendant's conduct caused unreasonable delay.

Relying on the affidavit from plaintiff's counsel regarding his fees for representing plaintiff, the trial court concluded that plaintiff's counsel initiated collection proceedings before he gave defendant an opportunity to pay the judgment.  This conclusion was erroneous for two reasons.  First, the affidavit was offered only to establish the fees of plaintiff's counsel for damage purposes.  Recognizing this purpose, the trial court reserved ruling on the admissibility of the affidavit.  Second, the record reflects that plaintiff did not initiate garnishment proceedings until October 12, 1999.  By that time, 43 days had passed since the trial court issued its judgment.  Moreover, defendant had informed plaintiff on October 8, 1999, that it would not comply with the judgment and pay interest from the date of the arbitration hearing.  As noted above, defendant's initial insistence on not paying the arbitration award and later refusal to pay the interest left plaintiff's counsel with little choice but to initiate collection proceedings.

Defendant argues that it made a reasonable attempt to investigate the claim, but plaintiff prevented it from completing this investigation.  Even if true, this does not excuse defendant's conduct in refusing to pay the arbitration award, requiring plaintiff to file suit, and then refusing to pay the court's judgment.  In any event, defendant offers little evidence that it reasonably attempted to investigate the claim.  It only cites two letters that it sent to plaintiff's counsel requesting evidence of damages to plaintiff's car, plaintiff's sworn statement, and evidence of medical damages.  Defendant claims that plaintiff did nothing in response to these letters.  Defendant, however, points to no specific evidence that plaintiff's counsel did not comply with defendant's attempt to investigate the claim.  On May 19, 1998, plaintiff's counsel demanded arbitration and settlement of the cause for the policy limits of the insurance policy.  On July 24, 1998, plaintiff's counsel again demanded arbitration and requested that defendant contact his office to set a date for the sworn statement.  On September 28, 1998, defendant admits in a letter that it received plaintiff's request for an arbitration, that Norma claimed that she was "cut-off by an unknown vehicle," and that Norma sustained a broken wrist and herniated disk.  Defendant cites no letters or evidence that after July 24, 1998, it attempted to set up plaintiff's sworn statement or that it contacted plaintiff's counsel to obtain evidence of damages.  In addition, the record reflects that defendant never demanded or set a date for Norma's sworn statement and that Norma eventually gave an evidence deposition upon plaintiff's counsel request.  At this point in the proceedings, the record does not reflect evidence in support of defendant's argument that it reasonably attempted to investigate the claim.

Defendant next argues that a 
bona fide
 dispute over coverage explains its delay in not paying the claim.  Defendant initially notes that it filed a declaratory action in 1998 to dispute coverage.  However, the trial judge in that case denied defendant's motion to stay the arbitration.  The record contains little evidence of this declaratory action or how it was resolved.  If defendant had evidence in 1998 that its insurance policy did not cover plaintiff's accident, which it never submitted during the bench trial, then the circuit court would have been required to stay the arbitration until the resolution of the coverage dispute.  
State Farm Fire & Casualty Co. v. Yapejian
, 152 Ill. 2d 533, 542-44 (1992).
  Defendant, therefore, has not shown how this declaratory action establishes a 
bona fide
 dispute of coverage and allowed it to delay settling or paying the claim.  Nor has defendant explained why this 
bona fide
 dispute excused it from paying plaintiff the full amount of the arbitration award, plus costs and interest, within 30 days of the trial court's August 19, 1999, judgment.  In fact, defendant did not pay plaintiff the arbitration award until plaintiff's counsel left numerous phone messages and indicated the intent to initiate collection proceedings.  Based on the record at this point in the proceedings, we cannot say that a 
bona fide 
dispute in coverage explained defendant's delay in either settling or paying the claim.

Defendant also notes that plaintiff should have filed a bill of costs and not initiated garnishment proceedings to recover the interest on the arbitration award that the trial court ordered defendant to pay.  Section 155 directs the court to examine the action and delay of the insurance company and whether that action or delay was vexatious and unreasonable. 215 ILCS 5/155 (West 1998); see also 
Cramer v. Insurance Exchange Agency
, 174 Ill. 2d 513 (1996).  We reject defendant's argument that it should be excused from liability under section 155 for not paying a judgment or interest, as ordered by the court, because plaintiff chose one means of enforcement over another.  Plaintiff's counsel brought the garnishment action because defense counsel told him that defendant was not paying for interest on the award 
even though
 
the trial court ordered it to pay the interest 51 days earlier.  Plaintiff brought the garnishment proceedings to collect the money owed to plaintiff by defendant.  At the time plaintiff undertook the garnishment proceedings, it had been over 2½ years since the motor vehicle accident and over 8 months since the arbitration award.  The fact that plaintiff chose to initiate garnishment proceedings has no bearing on whether defendant acted unreasonably and vexatious in not settling or paying the claim.  Therefore, we find that plaintiff has presented sufficient evidence of a section 155 violation to withstand defendant's section 2-1110 motion.  The trial court's decision to grant the section 2-1110 motion and not proceed with the bench trial is against the manifest weight of evidence.

For the foregoing reason, the judgment of the circuit court of Cook County is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.  

McNULTY, P.J., and COHEN, J., concur.