No.  2--01--0878     

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

MELISSA ANN WEIS, Indiv.
 ) Appeal from the Circuit Court

and on Behalf of Others ) of Kane County.

Similarly Situated,             )

  )

Plaintiff-Appellant,  ) 

) 

v. ) No. 99--L--620

)
 

STATE FARM MUTUAL AUTOMOBILE    )

INSURANCE COMPANY,  )  Honorable

  ) Timothy Q. Sheldon,

Defendant-Appellee.  ) Judge, Presiding.

JUSTICE GEIGER delivered the opinion of the court:  

The plaintiff, Melissa Ann Weiss, brought a class action against the defendant, State Farm Mutual Automobile Insurance Company, alleging a violation of the Illinois Department of Insurance rules, breach of contract, statutory fraud, and common-law fraud.  The plaintiff appeals from the January 16, 2001, and July 10, 2001, orders of the circuit court of Kane County, dismissing her second amended complaint pursuant to section 2--615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2--615 (West 2000)).  We affirm.

This controversy involves the method utilized by the defendant in adjusting vehicles that have been classified as total losses.  The Illinois Department of Insurance Rule 919.80 provides that, when a vehicle has been classified as a total loss, the insurer may value the vehicle from a source "published on a regular basis" or "[a]n electronically computerized source or sources which *** computes statistically valid retail values."   50 Ill. Adm. Code §§ 919.80(c)(2)(A), (c)(2)(B)(i) (1996).  The defendant values total loss vehicles using the Certified Collateral Corporation's (CCC) computerized database.  CCC's computerized database system allegedly values vehicles lower than other recognized sources such as the Kelly Blue Book or the National Auto Dealers Association's Official Used Car Guide.

The plaintiff owned a 1994 Toyota Camry that was insured by the defendant.  On January 26, 1999, the plaintiff's vehicle was involved in an automobile accident, resulting in the vehicle being classified as a total loss.  Using the value it had obtained from CCC, the defendant paid the plaintiff $12,000 for her vehicle.  

The present action was initiated on December 9, 1999.  On October 11, 2000, the plaintiff filed a four-count second amended complaint.  Count I of the second amended complaint alleged that the defendant's method of adjusting total loss vehicles was not in compliance with the Illinois Department of Insurance Rule 919.80 (50 Ill. Adm. Code §§919.80(c)(2)(A), (c)(2)(B) (1996)).  The plaintiff therefore sought compensatory and punitive damages and attorney fees pursuant to section 155 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/155 (West 1998)).  Count II alleged a breach of contract; count III alleged a violation of the 
Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2 (West 1998)); and count IV
 alleged a common-law fraud.

The defendant subsequently filed a motion to dismiss pursuant to section 2--615 of the Code (735 ILCS 5/2--615(a)(2000)).  On January 10, 2001, the trial court dismissed counts I and II of the plaintiff's second amended complaint.  On July 10, 2001, the trial court dismissed counts III and IV of the plaintiff's second amended complaint.  Thereafter, the plaintiff filed a timely appeal.

At the outset, we note that
 the question presented by a section 2--615 motion to dismiss is whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted.
  
Hough v. Kalousek
, 279 Ill. App. 3d 855, 862 (1996).  Illinois is a fact-pleading jurisdiction that requires a plaintiff to present a legally and factually sufficient complaint.
 
 
Hough
, 279 Ill. App. 3d at 863.
  The plaintiff is not required to prove his or her case but must allege sufficient facts to state all the elements of the asserted cause of action.  
Inland Real Estate Corp. v. Tower Construction Co.
, 174 Ill. App. 3d 421, 433 (1988). 

When ruling on a section 2--615 motion to dismiss, the court will admit all well-pleaded facts as true and disregard legal and factual conclusions that are unsupported by allegations of fact.  
Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.
, 275 Ill. App. 3d 452, 456-57 (1995)
.  If, after the legal and factual conclusions have been disregarded, the complaint does not allege sufficient facts to state a cause of action, the motion to dismiss must be granted.  
Lake County Grading Co.
, 275 Ill. App. 3d at 457.  
The standard of review on a section 2--615 dismissal is 
de novo
. 
 
T&S Signs, Inc. v. Village of Wadsworth
, 261 Ill. App. 3d 1080, 1084 (1994). 
 For the reasons that follow, we agree with the trial court that each of the counts in the plaintiff's second amended complaint failed to state a cause of action.
  

In count I of her second amended complaint, the plaintiff sought compensatory and punitive damages and attorney fees, asserting that she was entitled to this relief due to the defendant's violation of the Illinois Department of Insurance Rule 919.80(c)(1)(A) (50 Ill. Adm. Code §919.80(c)(1)(A) (1996)).  However, a violation of the insurance rules contained in Title 50 of the Illinois Administrative Code does not give rise to a private cause of action.  See 215 ILCS 5/401 through 407 (West 2000).  The Insurance Code provides that "[t]he Director [of the Department of Insurance] is charged with the rights, powers and duties appertaining to the enforcement and execution of all the insurance laws of this State."  215 ILCS 5/401 (West 2000).  Accordingly, the Department of Insurance and its Director may make reasonable rules and regulations, such as the insurance rules promulgated in Title 50 of the Illinois Administrative Code.  See 215 ILCS 5/401(a) (West 2000).  Additionally, the Department of Insurance and its Director may investigate violations of its rules and regulations, hold hearings, and impose penalties on those it finds in violation.  See 215 ILCS 5/401(b), (c), (d) (West 2000).  The enforcement of the insurance rules was clearly delegated to the Department of Insurance, and, as such, we conclude that a plaintiff cannot plead or pursue a private cause of action based on an insurer's violation of these rules.  Accordingly, count I of the plaintiff's second amended complaint did not allege a valid cause of action. 

We note that section 155 of the Insurance Code does allow an insured to recoup attorney fees when bringing a valid cause of action against an insurer, such as a breach of contract claim, if the insurer has vexatiously and unreasonably delayed in settling a claim or denied a claim.  
Cramer v. Insurance Exchange Agency
, 174 Ill. 2d 513, 520 (1996).  However, the plaintiff in this case does not sufficiently allege a breach of contract or any other valid cause of action.  Rather, as noted above, the plaintiff attempted to allege a nonexistent cause of action.  Therefore, the plaintiff was not entitled to attorney fees for bringing the invalid action.

In count II of her second amended complaint, the plaintiff asserts a claim for breach of contract.  
In order to state a cause of action for breach of contract, a plaintiff must allege (1) an offer and acceptance; (2) consideration; (3) definite and certain terms of the contract; (4) plaintiff's performance of all required contractual conditions; (5) defendant's breach of the terms of the contract; and (6) damage resulting from the breach.  
Barille v. Sears Roebuck & Co.
, 289 Ill. App. 3d 171, 175 (1997).  

Particularly, in pleading a cause of action for breach of contract to provide insurance, a plaintiff must allege facts indicating the particular terms of the policy that the insurance company breached. 
 
Nielsen v. United Services Automobile Ass'n.
, 244 Ill. App. 3d 658, 662 (1993).  We note that the plaintiff here failed to attach the insurance policy to her second amended complaint in accordance with the requirement of alleging the terms of the policy.  Nevertheless, as the plaintiff attached the insurance policy to her initial complaint, the trial court considered the policy when ruling on the motion, and the defendant did not object, we will consider the policy on review.  See 
Green v. Chicago Tribune Co.
, 286 Ill. App. 3d 1, 4 (1996); 
Lagen v. Balcor Co.
, 274 Ill. App. 3d 11, 16 (1995).

The insurance policy at issue provided in relevant part:

" 
Limit of liability-Comprehensive and Collision Coverages

The limit of our liability for loss to property or any part of it is the lower of:

1.  actual cash value; or

2.  the cost of repair or replacement.

Actual Cash value is determined by the market value, age, and condition at the time the loss occurred. ***

* * *

Settlement of Loss-Comprehensive and Collision Coverages

We have the right to settle a loss with you or the owner of the property in one of the following ways:

1. pay the agreed cash value of the property at the time of the loss in exchange for the damaged property. ***   

* * *

If you and we cannot agree on the amount due, it shall be decided by an appraisal of the loss upon written request by you or us within 60 days after proof of loss is filed.  Each party shall select an appraiser.  These two shall select a third appraiser.  The written decision of any two appraisers shall be binding.  The cost of the appraiser shall be paid by the party who hired him or her.  The cost of the third appraiser and other appraisal expenses shall be shared equally by both parties." 

After reviewing the terms of the policy along with the allegations in count II, we determine that the plaintiff has failed to state a breach-of-contract claim.  The plaintiff alleged in count II that the defendant breached the contract to provide insurance by failing to pay her the actual cash value for her "total loss" vehicle.  The plaintiff alleged that the defendant had only paid her $12,000, when the actual cash value of her vehicle at the time of the loss was $13,100.
  However, according to the terms of the policy, 
if the plaintiff disagreed with the defendant over the actual cash value of the vehicle, she was required to initiate the binding appraisal process.  Count II contains no allegations indicating that the plaintiff initiated the binding appraisal process or that the defendant refused to participate in the process.  Accordingly, the plaintiff failed to allege her performance or the defendant's breach of the terms of the contract.  See 
Barille
, 289 Ill. App. 3d at 175.  As such, count II of the second amended complaint was insufficient. 

Count III of the plaintiff's second amended complaint asserted a cause of action for 
a violation of the 
Consumer Fraud and Deceptive Business Practices Act (the Act) (815 ILCS 505/1 
et seq.
 (West 2000))
. 
 Pursuant to section 2 of the Act, the elements of a violation are (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception in the course of conduct involving a trade or commerce.  See 815 ILCS 505/2 (West 2000).
  In addition to pleading the elements of a violation, section 10a of the Act provides that private individuals seeking to recover under the Act must plead a fourth and fifth element--proximate causation and damages.  See 815 ILCS 505/10a (West 2000).  Thus, the violation of the Act must have proximately caused the plaintiff an actual injury. 
 See 
Oliveira v. Amoco Oil Co.
, Nos. 89497, 89511 cons., slip. op. at 6-7 (June 20, 2002).

In count III, the plaintiff alleged that the defendant provided her with a copy of CCC's valuation documentation.  The plaintiff alleged that the defendant intended that she rely on  CCC's valuation documentation.  The plaintiff further alleged:

"45. The CCC valuation documentation provided by the [defendant] to the [plaintiff] contained the following misrepresentations:   

A. Your valuation has been prepared in compliance with section  19.80(2)(b) of the Illinois Administrative Code governing computerized sources.         

    
 B. Adjustments were made to the value of each comparable vehicle to compensate for differences in year, model, body, style, engine configuration, packages, options, and mileage. 

C. The valuation of your vehicle was adjusted to reflect the mileage, options, packages, and condition of your vehicle.

 * * *

51. Payment of claims by [the defendant] to [the plaintiff] constitutes trade or commerce as defined by the [Consumer Fraud Act].  

* * *

[The plaintiff has] suffered actual economic damages by receiving reduced and incorrect payments for the total loss of [her] vehicle."

As demonstrated by the above allegations, the plaintiff failed to allege several of the elements of a statutory fraud claim.  First, the plaintiff did not sufficiently allege a deceptive act or practice by the defendant.  Rather, the plaintiff alleged several misrepresentations that had been made by CCC and merely provided by the defendant.  The plaintiff did not even allege that the defendant was aware that the representations it provided were false.  The Act clearly provides that a statutory fraud action lies only against one who has committed a deceptive act or practice.  See 
Zekman v. Direct American Marketers, Inc.
, 182 Ill. 2d 359, 370 (1998).  The Act does not provide for a cause of action against one who benefitted from the deceptive act.   See 
Zekman
, 182 Ill. 2d at 370.

Next, the plaintiff failed to sufficiently allege that the deceptive act or practice was the proximate cause of her injury.  The plaintiff's allegation that she suffered a pecuniary loss because she did not receive the actual cash value for her vehicle does not satisfy the element of proximate causation.  The plaintiff's pecuniary loss must have resulted from the misrepresentations of which she complains.  The plaintiff failed to allege specific facts linking the misrepresentations to her injury.  Accordingly, lacking specific allegations of fact showing a deceptive act or practice by the defendant and proximate causation, count III of the second amended complaint was insufficient.

In count IV of her second amended complaint, the plaintiff asserted a cause of action for common-law fraud.  In order to state a cause of action for common-law fraud, each element must be pleaded with specificity.  
Cramer v. Insurance Exchange Agency
, 174 Ill. 2d 513, 529 (1996).
 
 Those elements are (1) a false statement of material fact was made; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury.  
Cramer
, 174 Ill. 2d at 529. 
  
     A review of the allegations in count IV reveals that the plaintiff failed to properly plead the third and fourth elements concerning reliance.  With respect to these elements, the plaintiff pleaded: 

"47. In reliance on the truth of the statements contained in the CCC documentation provided to her by the defendant, [the plaintiff] accepted and did not question the total lost [
sic
] payment made by the defendant to [her]."   

This conclusory statement as to the plaintiff's reliance is not supported by any allegations of fact.  Moreover, the plaintiff failed to make any allegations, conclusory or otherwise, that she had a right to rely on the misrepresentations.  Without allegations of fact showing the plaintiff's reliance and the plaintiff's right to rely on the misrepresentations, count IV of the second amended complaint was insufficient.  See 
Hoffman v. Allstate Insurance Co.
, 85 Ill. App. 3d 631, 634 (1980) (a plaintiff's bare conclusions are not a substitute for allegations of fact).  In summary, as none of the counts were sufficient, the trial court properly dismissed the second amended complaint pursuant to section 2--615 of the Code.  

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

BYRNE and KAPALA, JJ., concur.