# ILLINOIS OFFICIAL REPORTS

## Appellate Court

***Pryor v. United Equitable Insurance Co.*, 2011 IL App (1st) 110544**

| | |
|---|---|
| Appellate Court Caption | KEVIN PRYOR, Plaintiff-Appellant, v. UNITED EQUITABLE INSURANCE COMPANY, Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-11-0544 |
| Filed | December 16, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's action to confirm an uninsured motorist arbitration award to judgment and alleging bad faith on the part of defendant insurer under section 155 of the Illinois Insurance Code was properly dismissed on the grounds that defendant's payment of the award in a timely fashion rendered the action moot and defendant was not guilty of bad faith, and in the absence of any bad faith on plaintiff's part, defendant's motion for sanctions under Supreme Court Rule 375 was denied. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-8715; the Hon. Leroy Martin, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Arthur H. Levinson, of Arthur H. Levinson & Associates, P.C., of Chicago, for appellant. |
|---|---|
| | Assata N. Peterson and Samuel A. Shelist, both of Shelist Law Firm, LLC, of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE R. GORDON delivered the judgment of the court, with opinion.<br>Justices Garcia and Lampkin concurred in the judgment and opinion. |

**OPINION**

¶ 1     Plaintiff Kevin Pryor filed suit in the circuit court of Cook County against defendant United Equitable Insurance Company to confirm an uninsured motorist arbitration award to judgment and alleged bad faith under section 155 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/155 (West 2008)). Subsequent to being served with the complaint, United paid the arbitration award of $9,775.46. United brought a motion to dismiss counts I and II and sought sanctions against Pryor's counsel, Arthur H. Levinson. The trial court granted United's motion to dismiss count II with prejudice regarding bad faith, granted the motion to dismiss count I confirming the arbitration award as moot and denied the motion for sanctions. On appeal, Pryor seeks reversal of the order dismissing count II of the complaint regarding bad faith, arguing that dismissal was improper because payment had not been made on the arbitration award prior to filing the complaint. We affirm.

¶ 2                           BACKGROUND
¶ 3     On January 21, 2009, Pryor was injured in an automobile collision with an uninsured motorist. Pryor made an uninsured motorist claim, and on January 21, 2010, the parties arbitrated the matter, resulting in an award of $9,775.46. In a letter dated January 27, 2010, Pryor provided United with an executed release and trust agreement. In a letter also dated January 27, 2010, United requested Pryor to provide a release of physician's lien and indicated that the award would be paid. On February 5, 2010, Pryor faxed United an executed release of physician's lien and requested payment.

¶ 4     Pryor brought this action on March 2, 2010 seeking, in count I, to confirm the uninsured motorist arbitration award to judgment, and, in count II, seeking damages for United's bad faith. Subsequent to being served with the complaint, United paid the award of $9,775.46 on March 12, 2010. On September 29, 2010, United brought a motion to dismiss count II with prejudice and count I as moot, along with a motion for Illinois Supreme Court Rule 137 (eff. Feb. 1, 1994) sanctions against Arthur H. Levinson, counsel for Pryor. The motions were fully briefed and a hearing was held on January 21, 2011. Pursuant to section 2-619 of the

Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2010)), the trial court granted United's motion to dismiss count II with prejudice regarding the allegations of bad faith, granted the motion to dismiss count I as moot and denied the motion for sanctions. On July 5, 2011, Pryor appealed the trial court's judgment, seeking reversal of its order dismissing count II of the complaint regarding the allegations of bad faith.

¶ 5                                              ANALYSIS

¶ 6     On appeal, Pryor claims that the trial court erred in dismissing count II of the complaint pursuant to section 2-619 of the Code where "no judgment had previously been entered, nor payment made on the arbitration award." See 735 ILCS 5/2-619(a)(9) (West 2010). When there is a challenge to an order of dismissal under section 2-619 of the Code, the standard for the reviewing court is *de novo*. *Daniels v. Union Pacific R.R. Co.*, 388 Ill. App. 3d 850, 855 (2009). Pryor's claims were made pursuant to section 919.50 of title 50 of the Illinois Administrative Code (50 Ill. Adm. Code 919.50 (2010)) and section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2008)).

¶ 7     In his complaint, Pryor alleges that "United has acted vexatiously and in bad faith by unreasonably delaying the payment of the [Arbitration Award]" in several ways, including "[r]efusing to pay the Arbitration Award in derogation of 919.50 of the Illinois Insurance Regulations." Section 919.50(a) of title 50 of the Administrative Code requires that "the [insurance] company shall affirm or deny liability on claims within a reasonable time and shall offer payment within 30 days after affirmation of liability, if the amount of the claim is determined and not in dispute." 50 Ill. Adm. Code 919.50(a) (2010). Section 919.50 also requires that "[o]n first party claims if a settlement of a claim is less than the amount claimed, or if the claim is denied, the company shall provide to the insured a reasonable written explanation of the basis of the lower offer or denial within 30 days after the investigation and determination of liability is completed." 50 Ill. Adm. Code 919.50(a)(1) (2010).

¶ 8     Pryor's complaint has not set forth sufficient facts to indicate that United violated the Administrative Code. Furthermore, the Illinois Supreme Court has held that a private right of action is not necessarily available based on a violation of the Administrative Code rules. *Vine Street Clinic v. HealthLink, Inc.*, 222 Ill. 2d 276, 301 (2006). Plaintiffs in *Vine* claimed that defendants violated the Administrative Code by collecting unauthorized fees from healthcare providers. The court held that "[p]laintiffs are without standing to seek the return of administrative fees under the Code because such a private right of action is not available." *Vine*, 222 Ill. 2d at 301. The court cited *Weis v. State Farm Mutual Automobile Insurance Co.*, 333 Ill. App. 3d 402 (2002), which explained that enforcement of the insurance rules was delegated to the Department of Insurance, so a plaintiff cannot pursue a private action based on an insurer's violation of the rules. *Weis*, 333 Ill. App. 3d at 406.

¶ 9     In his complaint, Pryor claims that "[b]ased upon *** contract or 'policy' breaches that United directly inflicted upon Pryor herein, Pryor alleges an entitlement to recover additional damages under 215 ILCS 5/155 (a), (b) and/or (c)." Although a private right of action does not exist based solely on an Administrative Code violation, section 155 does allow a court

to award attorney fees and other costs in certain situations. This court explained in *Neiman v. Economy Preferred Insurance Co.*, 357 Ill. App. 3d 786 (2005), that section 155 is only applicable in insurance cases where one of three issues remains undecided: "the liability of a company on an insurance policy or the amount of loss to be paid under a policy or an unreasonable delay in 'settling a claim.' " (Emphasis omitted.) *Neiman*, 357 Ill. App. 3d at 794. As in *Neiman*, the case at bar cannot fall under either of the first two categories because the liability of the insurer and the amount owed under the policy were determined during arbitration. Therefore, we must evaluate whether any delay in paying the arbitration award was unreasonable. To determine whether an insurer has been vexatious and unreasonable, a court must consider "the insurer's attitude, whether the insured was forced to file suit to recover, and whether the insured was deprived of the use of its property." *Mobil Oil Corp. v. Maryland Casualty Co.*, 288 Ill. App. 3d 743, 752 (1997). We find that United's conduct was not vexatious and unreasonable under section 155.

¶ 10 Pryor argues that *Neiman* is inapposite because "the court [in *Neiman*] entered Judgment on the underlying action and Defendant made full payment upon the claim before Plaintiff [filed] suit for Section 155 damages, which was the sole basis for the suit." Instead, plaintiff claims that *Estate of Price v. Universal Casualty Co.*, 322 Ill. App. 3d 514 (2001), is instructive. We find the case at bar factually distinguishable from *Price*.

¶ 11 In *Price*, plaintiff's decedent was involved in a hit-and-run accident and defendant insurance company denied her uninsured motorist claim. The claim was scheduled for arbitration and defendant moved to stay the arbitration proceeding, which was denied. The arbitrator found in favor of plaintiff for $20,000, the full amount of her policy. Plaintiff then filed an action to confirm the arbitration award to judgment. The trial court confirmed the award and ordered defendant to pay the award plus interest. Defendant then offered to settle for $15,000, threatening plaintiff's counsel that if plaintiff did not accept, defendant would appeal. Defendant then paid part of the award but refused to pay interest. This court held that "under the totality of circumstances, plaintiff's documentary evidence established sufficient unreasonable delay and vexatious conduct to support a claim under section 155." *Price*, 322 Ill. App. 3d at 518. This court noted that "defendant's attitude was to delay settlement and payment of this claim." *Price*, 322 Ill. App. 3d at 518.

¶ 12 This is distinguishable from the case at bar where Pryor has not shown vexatious conduct or unreasonable delay. United did not refuse to participate in arbitration or refuse to pay the arbitration award. Although United did not pay the award as fast as Pryor had anticipated, Pryor has alleged no facts which indicate that United had an attitude suggestive of vexatiously delaying payment.

¶ 13 Furthermore, under the Illinois Uniform Arbitration Act, United had 90 days from the date of the arbitration award to move to vacate or modify the award. 710 ILCS 5/12 through 13 (West 2010). Because this suit was filed within the time period allotted to United to appeal, Pryor was not forced to file suit to recover or deprived of the use of his property. Therefore, since the instant action under section 155 was filed within the 90 days that United had, as a matter of right, to appeal, we cannot find that United vexatiously delayed payment of the arbitration award. In addition, the arbitration award was paid 35 days after Pryor faxed United an executed release of physician's lien and requested payment. From the time of the

fax to the filing of this suit, 25 days had expired, and this time period by itself cannot demonstrate vexatious delay of payment.

¶ 14    We also deny United's request for sanctions against Pryor's counsel, Arthur H. Levinson, pursuant to Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994). United asserts that Pryor's appeal is frivolous because it is based on well-established law. We find that Pryor's appeal is based on "a good-faith argument for the extension, modification, or reversal of existing law" and is therefore not frivolous. Ill. S. Ct. R. 137 (eff. Feb. 1, 1994). Accordingly, United's request for sanctions is denied.

¶ 15                                    CONCLUSION

¶ 16    For the aforementioned reasons, the dismissal of the action is affirmed.

¶ 17    Affirmed.