2021 IL App (1st) 210622-U

FIFTH DIVISION
Order filed: December 23, 2021

No. 1-21-0622

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JEFFREY GOLDBERG, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 L 537 |
| | ) | |
| ISMIE MUTUAL INSURANCE COMPANY, | ) | Honorable |
| | ) | Margaret A. Brennan, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Cunningham and Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's dismissal of the plaintiff's complaint.

¶ 2    The plaintiff, Jeffrey Goldberg, appeals from an order of the circuit court of Cook County, granting the defendant's, ISMIE Mutual Insurance Company (ISMIE), motion to dismiss this action.. On appeal, the plaintiff contends the circuit court erred in dismissing his complaint because he alleged sufficient facts to state a cause of action. For the reasons that follow, we affirm.

¶ 3    The following facts relevant to the disposition of this appeal were adduced from the pleadings and exhibits of record.

¶ 4    ISMIE provides medical malpractice insurance to physicians in Illinois. Relevant here, ISMIE provided medical malpractice insurance to Dr. M. Scott Peckler. In 2014, the plaintiff filed a lawsuit against Dr. Peckler and his professional corporation, North Suburban Surgical Consultants, LLC (Goldberg v. Peckler, et al, No. 14 L 8350 (Cir. Ct. Cook County)). The plaintiff voluntarily dismissed his complaint in that action on January 24, 2018. The plaintiff refiled his complaint against Dr. Peckler on January 24, 2019 (Goldberg v. Peckler, et al, No. 19 L 851 (Cir. Ct. Cook County)). Dr. Peckler filed an answer to the plaintiff's complaint in which he denied all the allegations against him. That action has yet to be resolved.

¶ 5    On January 19, 2021, the plaintiff initiated this action by filing a two-count complaint against ISMIE. The essence of the allegations in the plaintiff's complaint is that ISMIE violated sections 919.50(a) and 919.50(a)(1) of the Illinois Department of Insurance Rules (Insurance Rules) (50 Ill. Admin. Code § 919.50(a), (a)(1) (2004)).

¶ 6    Section 919.50(a) states that:

> "[An insurance] company shall affirm or deny liability on claims within a reasonable time and shall offer payment within 30 days after affirmation of liability, if the amount of the claim is determined and not in dispute. For those portions of the claim which are not in dispute and for which the payee is known, the company shall tender payment within said 30 days." 50 Ill. Admin. Code § 919.50(a) (2004).

Section 919.50(a)(1) states that, "Within 30 days after the initial determination of liability is made, if the claim is denied, the company shall provide the third party a reasonable written explanation of the basis of the denial." *Id.* § 919.50(a)(1) (2004).

¶ 7     The plaintiff alleges in his complaint that ISMIE violated sections 919.50(a) and (a)(1) in two ways: "faili[ing] to pay the undisputed amount" of the damages he sought against Dr. Peckler "both without a request and after a request" and "fail[ing] to provide a reasonable written explanation" for its failure to pay the damages sought "both without a request and after a request." According to the complaint, ISMIE's violations are a breach of the duty of care it owed to the plaintiff (count I) and a breach of its insurance contract with Dr. Peckler (count II). Regarding count II, the complaint alleged the plaintiff was a "third party beneficiary under the ISMIE professional-negligence-insurance policy with Dr. Peckler."

¶ 8     On March 12, 2021, ISMIE filed a motion to dismiss the plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)), attaching copies of the pleadings in case nos. 14 L 8350 and 19 L 851.[1] ISMIE argued in its motion that the plaintiff's complaint should be dismissed for four reasons: (1) section 919.50(a) does not apply because Dr. Peckler has not admitted liability and the plaintiff's case against him is still ongoing; (2) even if section 919.50(a) applied, the complaint failed to allege sufficient facts to state a cause of action for a breach of ISMIE's duty of care; (3) the plaintiff lacks standing to bring a breach of contract claim as a third-party beneficiary; and (4) the plaintiff failed to allege sufficient facts to state a cause of action for breach of contract.

---

[1] We take judicial notice of the court records from the underlying action filed by the plaintiff. See *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 20.

¶ 9    On May 27, 2021, the circuit court entered an order dismissing the plaintiff's complaint with prejudice. This appeal followed.

¶ 10    On appeal, the plaintiff contends that the circuit court erred in dismissing his complaint, arguing that he alleged sufficient facts to state a cause of action based on ISMIE's violation of sections 919.50(a) and (a)(1) of the Insurance Rules.

¶ 11    As this matter comes to us on appeal from a dismissal pursuant to a section 2–615 motion, our review is *de novo.* The question presented is whether sufficient facts are alleged within the complaint which, if established, could entitle the plaintiff to the relief he seeks. *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 475 (1991). In reviewing the dismissal, we take all well-pleaded facts in the plaintiff's complaint as true and draw all reasonable inferences from those facts which are favorable to the plaintiff. *Jackson v. South Holland Dodge, Inc.*, 197 Ill. 2d 39, 44-45 (2001). Only those facts apparent from the face of the pleadings, matters of which the court can take judicial notice, and judicial admissions in the record may be considered. *K. Miller Const. Co. v. McGinnis*, 238 Ill. 2d 284, 291 (2010) (citing *Pooh–Bah Enterprises, Inc.*, 232 Ill. 2d 463, 473.). After review, we agree with the circuit court that the plaintiff's complaint failed to state a cause of action upon which relief can be granted.

¶ 12    In his complaint, the plaintiff asserts two counts against ISMIE, both of which stem from ISMIE's alleged violations of the Insurance Rules. However, the Insurance Rules do not give rise to a private cause of action except in limited circumstances that are not present here. See *Vine St. Clinic v. HealthLink, Inc.*, 222 Ill. 2d 276, 301 (2006) (citing *Weis v. State Farm Mutual Automobile Insurance Co.*, 333 Ill. App. 3d 402, 406 (2002)). As the Second District explained in *Weis*, "enforcement of the [I]nsurance [R]ules [is] clearly delegated to the Department of

Insurance, and, as such, *** a plaintiff cannot plead or pursue a private cause of action based on an insurer's violation of these rules." *Weis*, 333 Ill. App. 3d at 406. Therefore, the plaintiff cannot state a cause of action based on ISMIE's alleged violations of the Insurance Rules because no such cause of action exists.

¶ 13　The plaintiff nevertheless contends that we should find that the Insurance Rules do give rise to a private right of action. According to the plaintiff, a right of action is either implied pursuant to the four factors our supreme court outlined in *Rogers v. St. Mary's Hospital of Decatur*, 149 Ill. 2d 302 (1992), or created by Illinois Pattern Jury Instructions, Civil, Nos. 60.00 and 60.01 (2011) (hereinafter IPI Civil 60 and 60.01). He also argues that dismissing his complaint is a "potential" violation of article I, section 12 of the Illinois Constitution (Ill. Const. 1970, art. I, § 12). We find the plaintiff's arguments to be without merit.

¶ 14　First, although the plaintiff urges us to ignore *Vine* on the basis that it did not consider the four factors for implying a private right of action as outlined by *Rogers* or the significance of IPI Civil 60.00 and 60.01, we cannot simply disregard a decision of the Illinois Supreme Court. *Kaull v. Kaull*, 2014 IL App (2d) 130175, ¶ 55 ("Trial and appellate courts are bound by the supreme court and have no authority to overrule the supreme court or modify its decisions."). In *Vine*, our supreme court clearly stated that the Insurance Rules do not provide for a private right of action, and we are bound by that determination.

¶ 15　We likewise find that the plaintiff's assertion that the circuit court's dismissal of his complaint is a "potential" violation of the open courts provision of the Illinois Constitution has no merit. Article I, section 12, of the Illinois Constitution of 1970 provides:

> "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." Ill. Const. 1970, art. I, § 12.

According to the plaintiff, dismissing his complaint on the grounds that there is no private right of action in the Insurance Rules leaves him without a remedy for his injuries. However, "the open courts provision is merely an expression of philosophy and does not mandate that a certain remedy be provided in any specific form." *Martinez v. Department of Public Aid*, 348 Ill. App. 3d 788, 794 (2004). That said, the plaintiff *does* have a remedy for the injuries he suffered: the lawsuit he is currently prosecuting against Dr. Peckler. Therefore, the circuit court's dismissal of the plaintiff's complaint was not a violation of the open courts provision of the Illinois Constitution.

¶ 16    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 17    Affirmed.