In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-3363

GINA BERNACCHI,

*Plaintiff-Appellant,*

*v.*

FIRST CHICAGO INSURANCE COMPANY and CHICAGO SEVEN CAB, INC.,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 21-CV-2533 — **John J. Tharp, Jr.**, *Judge.*

ARGUED SEPTEMBER 14, 2022 — DECIDED OCTOBER 20, 2022

Before EASTERBROOK, ROVNER, and ST. EVE, *Circuit Judges.*

ST. EVE, *Circuit Judge.* Gina Bernacchi was travelling in a taxicab insured by First Chicago Insurance Company when an uninsured driver collided with the vehicle. After an Illinois court ruled that the insurance policy covered her, she asked First Chicago for compensation for injuries and expenses she claims she incurred because of the crash. The insurance company has not been acting in a timely manner, she alleges, so

she brought this suit seeking specific performance to "adjust her claim"—that is, (1) admit or deny liability and (2) state the amount of compensatory damages to which she is entitled and the factual basis for that figure. The district court granted First Chicago's motion to dismiss, finding that her claim was premised on Illinois Insurance Code provisions that do not provide a private right of action.

On appeal, Bernacchi argues that the district court inappropriately dismissed her claim on a basis not presented or briefed by the parties. She also argues that the district court erred in concluding that her claim was based on violations of Illinois law rather than provisions of the contract and that the court improperly denied her leave to amend her complaint. For the reasons below, we affirm the decision of the district court.

## I. Background

Gina Bernacchi was a passenger in a taxicab insured by First Chicago Insurance Company when an uninsured driver struck the cab. As part of its contract with the cab company, First Chicago agreed to pay for certain damages resulting from an accident with an uninsured motorist, including for cab passengers. In February 2021, an Illinois court concluded that Bernacchi was covered under the First Chicago policy up to $350,000.

On February 11, 2021, Bernacchi sent a letter to First Chicago detailing the nature of her claim with accompanying documentation. She requested $350,000—the maximum possible recovery—though she valued her entire loss at $680,000. The letter requested payment on or before March 30, 2021.

First Chicago was allegedly less than responsive. On March 29, 2021, it requested details about Bernacchi's medical records. Bernacchi faxed over her response the next day and set a deadline of April 7, 2021, for the insurance company to adjust her claim. On April 8, 2021, First Chicago issued written interrogatories for Bernacchi to answer in two and a half months. About a month later, Bernacchi sent the completed interrogatories and asked the claims adjuster to identify with specificity what was missing to adjust the claim.

On May 11, 2021, Bernacchi filed suit in federal court, alleging that First Chicago had still not done anything to adjust her claim. She sought an order of specific performance directing First Chicago to adjust her claim within fourteen days. On June 25, 2021, First Chicago made Bernacchi a settlement offer of $45,000. It subsequently filed a motion to dismiss, arguing that (1) the matter must be arbitrated and (2) its good-faith settlement offer fulfilled its obligation to evaluate her claim. Bernacchi disputed that a settlement offer was equivalent to a claim adjustment and accused First Chicago of attempting to shirk its obligations under the policy.

The district court held two hearings on First Chicago's motion. During the first hearing, counsel for First Chicago stated that the correct way to pursue Bernacchi's claim was to file a complaint with the Illinois Department of Insurance. During the second hearing, Bernacchi's lawyer confirmed that the source of First Chicago's obligation to adjust the claim stemmed from the Illinois Insurance Code, rather than any specific policy provision. The district court asked, "Are you, in terms of the requirement for adjusting the claim, … relying on the … various state law statutes and regulations that you've identified in your response brief for the duty to adjust

the claim in a timely fashion … is that correct?" Bernacchi's lawyer responded, "That's absolutely correct."

In an order dated August 10, 2021, the district court granted First Chicago's motion to dismiss for a reason not directly argued by the parties. It concluded that Bernacchi's complaint failed to cite any language in the contract creating an obligation to adjust her claim or to do so within a certain timeframe. Instead, the court reasoned, Bernacchi's claim relied upon certain sections of the Illinois Insurance Code, none of which provide a private right of action.

Bernacchi subsequently filed a motion to vacate the judgment, asking the court to reconsider on the basis that its decision contemplated an issue not presented or briefed by the parties. She also requested leave to amend her complaint and attached a proposed amended complaint, which included two new counts in addition to the count in her original complaint. The first new count alleged that First Chicago's failure to adjust the claim was a breach of the covenant of good faith and fair dealing. The second new count alleged that Illinois law created an implied right of action. Neither count relied on the policy.

The district court denied Bernacchi's motions. It rejected Bernacchi's contention that it dismissed her complaint *sua sponte*, finding that she was on notice of the possibility of dismissal given the full briefing of First Chicago's motion to dismiss and the two motion hearings where the parties "vigorous[ly]" debated the issues. The court further found that its prior decision did not violate the party presentation principle. It noted that, during the motion hearings, counsel for First Chicago stated that the appropriate remedy for Bernacchi's grievance was through the Illinois Department of Insurance

and Bernacchi's counsel confirmed that her argument rested entirely on state statutes and regulations.

As for Bernacchi's proposed amended complaint, the district court found that her added counts would not have prevented dismissal. It concluded that her count asserting a violation of an implied covenant of good faith and fair dealing "goes nowhere," as "it has been recognized time and again that under Illinois law the implied covenant of good faith and fair dealing does not give rise to an independent cause of action." The district court noted that her count alleging an implied private right of action failed for similar reasons. Concluding that amendment would be futile, the district court denied her leave to amend. Bernacchi filed this timely appeal.

## II. Analysis

We review the dismissal of a complaint for failure to state a claim de novo, construing all allegations and reasonable inferences in favor of the plaintiff. *Circle Block Partners, LLC v. Fireman's Fund Ins. Co.*, 44 F.4th 1014, 1018 (7th Cir. 2022). We review a district court's denial of leave to amend a complaint for abuse of discretion. *CMFG Life Ins. Co. v. RBS Sec., Inc.*, 799 F.3d 729, 735 (7th Cir. 2015). Where the basis for denial is futility, as it is here, however, "we apply the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015).

Bernacchi argues that the district court erred by dismissing her complaint for reasons not raised by First Chicago's motion; finding that her claim was premised on Illinois law

rather than any contractual provision; and denying leave to file an amended complaint. These positions fall flat.

## A. Party Presentation Rule

Bernacchi states that the district court erred by deciding the case on grounds not raised by First Chicago in its motion to dismiss, resulting in her having "insufficient notice and opportunity to be heard." Her arguments invoke the party presentation rule, which stands for the proposition that parties "frame the issues for decision," whereas the courts play "the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). "[A]s a general rule, our system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.'" *Id.* (quoting *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in the judgment)).

The party presentation rule, however, is "not ironclad." *Id.* A court "is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991). The Supreme Court has recognized that a "court may consider an issue 'antecedent to … and ultimately dispositive of' the dispute before it, even an issue the parties fail to identify and brief." *See U.S. Nat'l Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993) (quoting *Arcadia v. Ohio Power Co.*, 498 U.S. 73, 77, (1990)).

Here, the district court did not violate the party presentation rule. The parties squarely argued about Illinois insurance statutes and administrative regulations. *See* 50 Ill. Adm. Code 919.50, 919.40; 215 ILCS 5/154.6. In fact, during one of the motion hearings, Bernacchi's attorney admitted, in no uncertain terms, that her claim was premised on alleged violations of Illinois law.[1] Before the district court could determine whether First Chicago violated these duties, it had to determine whether the cited statutes and regulations provided a private right of action under which Bernacchi could sue. It was appropriate for the district court to base its decision to dismiss on this antecedent issue. *See U.S. Nat'l Bank of Oregon*, 508 U.S. at 447.

### B. Motion to Dismiss

Bernacchi also contends that the district court erred in dismissing her claim because she sufficiently pleaded in her complaint that First Chicago breached the contract by failing to adjust the insurance claim. Contrary to the finding of the district court, Bernacchi contends that the complaint alleges that the contract, not Illinois law, entitles her to a claim adjustment. She points to several paragraphs in the complaint, which she contends allege that "an essential function of the insurance company" is to adjust the claim and "First Chicago's failure to adjust the claim additionally prevented implementation of the arbitration clause." She further argues that First Chicago's contractual duty to "pay all sums the

---

[1] Q: "Are you … relying on the … various state law statutes and regulations that you've identified in your response brief for the duty to adjust the claim in a timely fashion … ?"

A: "That's absolutely correct."

'insured' is legally entitled to recover" encompasses the duty to adjust her claim.

Even accepting Bernacchi's reading of the complaint, however, her allegations fail to state a claim. Under Illinois law, a plaintiff seeking specific performance must allege a contract "so certain and unambiguous in its terms and in all its parts that a court can require the specific thing contracted for to be done." *Cefalu v. Breznik*, 154 N.E.2d 237, 239 (Ill. 1958). Bernacchi does not do this and admits that she is not proceeding on a breach of the policy. Her complaint is replete with references to Illinois law but contains not a single citation to any specific provision of the contract. For example, ¶ 24, on which Bernacchi relies in her appellate briefs, cites 50 Ill. Adm. Code 919.50 and 919.40 and 215 ILCS 5/154.6 for the proposition that "[a]n essential function of one's insurance company is to adjust claims for benefits made by its insureds" but not the contract. And Bernacchi's references to the contract's arbitration clause and "pay all sums" provision fall far short of the "certain and unambiguous" language needed for a specific performance claim. Nothing in these provisions—nor in any other cited in the complaint—states that the insurance company must adjust her claim within a certain timeframe.

Without an alleged contractual provision obligating First Chicago to adjust her claim, Bernacchi's case rests entirely on state regulations and statutes. But these provisions do not provide a private cause of action. It is well established under Illinois law that "a violation of the insurance rules contained in Title 50 of the Illinois Administrative Code does not give rise to a private cause of action." *Weis v. State Farm Mut. Ins. Co.*, 776 N.E.2d 309, 311 (Ill. Ct. App. 2002); *see also Vine St. Clinic v. HealthLink, Inc.*, 856 N.E.2d 422, 439 (Ill. 2006); *Pryor*

*v. United Equitable Ins. Co.*, 963 N.E.2d 299, 301 (Ill. Ct. App. 2011). Under these regulations, the Illinois Department of Insurance has the sole authority to enforce the codes, and the proper remedy for a party who alleges a violation is to submit a complaint with the department.

State insurance statutes do not help her either. 215 ILCS 5/154.6 enumerates a list of acts that constitute improper claims practice, but neither it nor its surrounding statutes provide a private right of action. *See Am. Serv. Ins. Co. v. Passarelli*, 752 N.E.2d 635, 638 (Ill. Ct. App. 2001). Instead, § 154.6 lists improper claim practices, and § 154.7 vests the State Director of Insurance with the authority to penalize such practices. *Id.* Under this framework, compliance with statutory obligations is within the purview of the state department, rather than individuals who "cannot personally seek damages … under section 154.6." *Id.* at 639.

Bernacchi maintains that these cases do not "supplant the insurer's contractual obligation to adjust the claim." Fair enough. We do not read the cases as displacing contracting parties' ability to incorporate Illinois law into their contracts. In other words, if the parties contracted to require an adjustment in the same terms as provided by law, that would be enforceable in a breach of contract action. But this is not what Bernacchi alleges happened here. All she states is that her "claim is umbrellaed by the 'minimum standards' outlined" in the statutes and administrative codes. She does not allege that the parties expressly incorporated such "minimum standards" into their contract. Without this, her claim fails.

**C. Leave to Amend**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a)(1) provides that a party "may amend its pleading once as a matter of course." "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under the Rule, a district court should "freely give leave when justice so requires," *id.*, "[u]nless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).

Bernacchi's proposed amended complaint added two new counts: The first alleges a breach of contract based on a violation of the implied covenant of good faith and fair dealing. The second states that Bernacchi can directly enforce 50 Ill. Adm. Code 919.50, 919.40 and 215 ILCS 5/154.6 against First Chicago because they contain an implied private right of action. As the district court correctly concluded, neither of these proposed counts would have survived a second motion to dismiss.

The first count fails because the implied covenant of good faith and fair dealing does not give rise to an independent cause of action under Illinois law. *Fox v. Heimann*, 872 N.E.2d 126, 134 (Ill. Ct. App. 2007). "Rather, this obligation is essentially used as a construction aid in determining the intent of the parties where an instrument is susceptible of two conflicting constructions." *Id.* In other words, "where an instrument is susceptible of two conflicting constructions, one which imputes bad faith to one of the parties and the other does not," the implied covenant of good faith and fair dealing indicates

that "the latter construction should be adopted." *Mid-West Energy Consultants, Inc. v. Covenant Home, Inc.*, 815 N.E.2d 911, 914 (Ill. Ct. App. 2004). But the covenant cannot be used to "add terms in order to reach a result more equitable to one of the parties." *Id.* at 916. Here, the contract does not impose an obligation upon First Chicago to adjust insurance claims within a certain timeframe, and Bernacchi cannot use the covenant to rewrite the contract to do so.

Bernacchi's proposed amended complaint also fails to allege an implied right of action. Under Illinois law, a private right of action may be implied from a statute only if the following elements are met:

> (1) the plaintiff is a member of the class for whose benefit the legislature enacted the statute; (2) the statute was designed to prevent the plaintiff's injury; (3) a private right of action is consistent with the statute's underlying purpose; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute.

*Helping Others Maintain Env't Standards v. Bos*, 941 N.E.2d 347, 362–63 (Ill. Ct. App. 2010). The key question is whether the legislature, in enacting the statute, intended to create a private right of action. *Id.* at 363.

As explained above, the cited regulations and statutes create a framework in which the Illinois Department of Insurance is tasked with regulating the actions of insurance companies. The state legislature expressly empowered the State Director of Insurance to penalize improper claim practices. 215 ILCS 5/154.6–.7. And an aggrieved individual can file a

complaint with the Department of Insurance,[2] making it un-necessary for courts to create an implied right of action to pro-vide an adequate remedy for violations of the statute. For this reason, Bernacchi's proposed claim fails. *See Marque Medicos Fullerton, LLC v. Zurich Am. Ins. Co.*, 83 N.E.3d 1027, 1042 (Ill. Ct. App. 2017) ("All four factors must be met before a private right of action will be implied.").

Because any amendment would be futile, the district court did not abuse its discretion in denying leave to amend.

### III. Conclusion

The district court did not err in dismissing Bernacchi's claim based on the fact that the Illinois law underlying her claim does not provide a private cause of action. Whether Ber-nacchi could sue under these statutes and regulations was an antecedent issue to those raised in the parties' briefs, and it was not a violation of the party presentation rule for the court to consider it. The court also properly denied Bernacchi leave to amend her complaint because amendment would be futile. The decision of the district court is thus

AFFIRMED.[3]

---

[2] During oral argument, Bernacchi's lawyer confirmed that Bernacchi has filed a complaint with the Illinois Department of Insurance.

[3] Bernacchi has also filed a motion to strike certain documents included in First Chicago's appellate response brief that she contends are not part of the record. Because our decision does not rely on the disputed material, the motion is denied as moot.