2024 IL App (2d) 230423-U
No. 2-23-0423
Order filed June 18, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DENISE HOPMAN, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 22-LA-239 |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | Honorable |
| | ) | Mark A. Pheanis, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Mullen concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court properly dismissed the plaintiff's complaint because the plaintiff could not maintain a private cause of action based on the defendant's alleged violations of the insurance rules and statutes.

¶ 2     The plaintiff, Denise Hopman, appeals from the trial court's order granting the motion of the defendant, State Farm Mutual Automobile Insurance Company, to dismiss the plaintiff's first amended complaint for failure to state a cause of action.  We affirm.

¶ 3                                    I. BACKGROUND

¶ 4　The plaintiff was involved in an automobile accident with one of State Farm's insureds, Giampaolo Cherubin. Cherubin collided with the car in front of him and that car then hit the plaintiff's car. Cherubin is not a party to this action. The plaintiff filed a separate suit against Cherubin, based on negligence, to recover for the injuries she suffered in the accident. That lawsuit remains pending (see *Hopman v. Cherubin, et al.*, No 17-L-280 (Cir. Ct. Kane County)). The plaintiff also initiated this suit directly against State Farm.

¶ 5　On July 13, 2023, after the dismissal of her original complaint, the plaintiff filed a two-count first amended complaint. Both counts alleged that State Farm violated sections 919.50(a) and 919.50(a)(1) of the Illinois Department of Insurance Rules (Insurance Rules) (50 Ill. Admin. Code § 919.50(a), (a)(1) (2004)) and committed improper claims practices under sections 154.5 and 154.6 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/154.5, 154.6 (West 2022)). Specifically, the plaintiff alleged that State Farm failed to timely settle her insurance claim related to the accident or provide a reasonable written explanation of the basis for failing to settle the claim. Count I sought damages based on tort, alleging that there was an implied private right of action under the Insurance Rules and the Insurance Code. Count II sought damages for breach of contract, on the alleged basis that the plaintiff was a third party beneficiary of the insurance contract between State Farm and Cherubin and that State Farm had breached its statutory and regulatory duties incorporated into that contract.

¶ 6　Section 919.50(a) of the Insurance Rules states that:

"[An insurance] company shall affirm or deny liability on claims within a reasonable time and shall offer payment within 30 days after affirmation of liability, if the amount of the claim is determined and not in dispute. For those portions of the claim which are not in

dispute and for which the payee is known, the company shall tender payment within said 30 days." 50 Ill. Admin. Code § 919.50(a).

Section 919.50(a)(1) states that, "Within 30 days after the initial determination of liability is made, if the claim is denied, the company shall provide the third party a reasonable written explanation of the basis of the denial." *Id.* § 919.50(a)(1). Section 154.6 of the Insurance Code enumerates acts that constitute improper claims practices if, according to section 154.5, they are committed knowingly. 215 ILCS 5/154.5, 154.6 (West 2022)). Under these sections, it is improper for an insurance company to fail to settle claims in good faith or provide an explanation for its failure to settle claims. *Id.*

¶ 7     On August 23, 2023, State Farm filed a motion to dismiss the plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022)). State Farm argued that there was no private right of action, express or implied, for alleged violations of the Insurance Rules or the Insurance Code. State Farm also argued that the plaintiff could not state a claim for breach of contract because she was not a party or an intended third party beneficiary of State Farm's insurance contract with Cherubin.

¶ 8     On October 18, 2023, the trial court dismissed the plaintiff's amended complaint with prejudice. The trial court found that there was no private right of action, express or implied, for violations of the Insurance Code and Insurance Rules at issue in this case. The trial court also found that the plaintiff could not state a claim for breach of contract because she was not a third party beneficiary of Cherubin's insurance contract with State Farm. The plaintiff thereafter filed a timely notice of appeal.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, the plaintiff contends that the trial court erred in dismissing her complaint. She argues that she stated sufficient facts to imply a private right of action and to establish that she was a third party beneficiary of Cherubin's insurance contract with State Farm. Further, she asserts that the failure to imply a private right of action is a violation of article I, section 12, of the Illinois Constitution (Ill. Const. 1970, art. I, § 12)) and the Illinois Common Law Act (5 ILCS 50/1 (West 2022)).

¶ 11    A motion to dismiss brought under section 2-615 of the Code attacks the sufficiency of the complaint, on the basis that, even assuming the allegations of the complaint are true, the complaint does not state a cause of action that would entitle the plaintiff to relief. 735 ILCS 5/2-615 (West 2022); *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 8 (1992). A trial court should grant a section 2-615 motion to dismiss only if "it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief." *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009). A court must accept as true "all well-pleaded facts and all reasonable inferences that may be drawn from those facts." *Id.* "[O]nly those facts apparent from the face of the pleadings, matters of which the court can take judicial notice, and judicial admissions in the record may be considered." *Id.* This court reviews *de novo* a trial court's ruling on a motion to dismiss. *Handley v. Subscriber Doe*, 2015 IL 118000, ¶ 29.

¶ 12    In the present case, both of the claims in the plaintiff's amended complaint stem from violations of the Insurance Rules and the Insurance Code. However, the provisions cited by the plaintiff do not provide for a private cause of action. It is well established that "a violation of the insurance rules contained in Title 50 of the Illinois Administrative Code does not give rise to a private cause of action." *Weis v. State Farm Mutual Insurance*, 333 Ill. App. 3d 402, 406 (2002); see also *Vine Street Clinic v. HealthLink, Inc.*, 222 Ill. 2d 276, 301-02 (2006); *Goldberg v. ISMIE*

*Mutual Insurance Company*, 2021 IL App (1st) 210622-U, ¶ 12; *Pryor v. United Equitable Insurance Co.*, 2011 IL App (1st) 110544, ¶ 8. "Under these regulations, the Illinois Department of Insurance has the sole authority to enforce the codes, and the proper remedy for a party who alleges a violation is to submit a complaint with the department." *Bernacchi v. First Chicago Insurance Company*, 52 F.4th 324, 329-330 (7th Cir. 2022).

¶ 13    Furthermore, sections 154.5 and 154.6 of the Insurance Code also do not provide for a private right of action. While sections 154.5 and 154.6 of the Insurance Code set forth improper claims practices, sections 154.7 and 154.8 authorize the State Director of Insurance to enforce the codes and penalize any improper practices. See 215 ILCS 5/154.5-154.8 (West 2022). Accordingly, "section 154.5 *et seq*. [of the Insurance Code] does not give rise to a private remedy or cause of action by a policyholder against an insurer but is instead regulatory in nature." *American Service Insurance Company v. Passarelli*, 323 Ill. App. 3d 587, 590 (2001); see also *Bernacchi*, 52 F.4th at 330.

¶ 14    The plaintiff argues that, even if there is no explicit private right of action, the Insurance Code and Insurance Rules provide for an implied private right of action. This argument is also without merit. "The standard that must be met for a court to imply a private right of action in a statute is quite high." *Channon v. Westward Management, Inc.*, 2022 IL 128040, ¶ 33. The implication of a private right of action is appropriate only if (1) the plaintiff is a member of the class for whose benefit the statute was enacted, (2) providing a private right of action is consistent with the underlying purpose of the statute, (3) the plaintiff's injury is one the statute was designed to prevent, and (4) providing a private right of action is necessary to provide an adequate remedy for violations of the statute. *Sawyer Realty Group, Inc. v. Jarvis Corp.*, 89 Ill. 2d 379, 391 (1982). "All four factors must be met before a private right of action will be implied." *Marque Medicos*

*Fullerton, LLC v. Zurich American Insurance Co.*, 2017 IL App (1st) 160756, ¶ 57. Whether a statute creates an implied private right of action is an issue of statutory interpretation and, thus, presents a question of law that we review *de novo*. *Metzger v. DaRosa*, 209 Ill. 2d 30, 34 (2004).

¶ 15 In the present case, the fourth factor for the implication of a private right of action—the need to provide an adequate remedy—is missing. As noted above, the Insurance Rules and the Insurance Code vest the Illinois Department of Insurance with the task of regulating the actions of insurance companies. See *Weis*, 333 Ill. App. 3d at 406; *Bernacchi*, 52 F.4th at 330. An aggrieved party can submit a complaint to the Department of Insurance (*Bernacchi*, 52 F.4th at 330) and the department can "investigate violations of its rules and regulations, hold hearings, and impose penalties on those it finds in violation" (*Weis*, 333 Ill. App. 3d at 406 (citing 215 ILCS 5/401(b), (c), (d) (West 2000)). As there exist adequate remedies for violations of the Insurance Code and Insurance Rules, it is unnecessary to imply a private right of action and the plaintiff's claim necessarily fails. *Marque Medicos*, 2017 IL App (1st) 160756, ¶ 57.

¶ 16 The plaintiff argues that the failure to imply a private right of action is a violation of the open courts provision of the Illinois Constitution. Article I, section 12, of the Illinois Constitution of 1970 provides:

> "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." Ill. Const. 1970, art. I, § 12.

The plaintiff asserts that, without an implied private right of action, she lacks any remedy against an insurance company for violations of the insurance laws or rules of this state. However, "the open courts provision is merely an expression of philosophy and does not mandate that a certain remedy be provided in any specific form." *Martinez v. Department of Public Aid*, 348 Ill. App.

3d 788, 794 (2004). Here, the plaintiff does not lack a remedy against an insurance company because she can file a complaint with the Department of Insurance. *Bernacchi*, 52 F.4th at 330. Further, she has a remedy for her injuries as set forth in her pending lawsuit directly against Cherubin.

¶ 17   The plaintiff also argues that the failure to find an implied private right of action violates the Illinois Common Law Act (Act) (5 ILCS 50/1 (West 2022)). In so arguing, the plaintiff relies on two legal principles. First, the common law of England "shall be the rule of decision, and shall be considered as of full force until repealed by legislative authority." *Id.* Second, "[u]nder several centuries of English common law, the courts adhered to the view that every act of Parliament gave rise to private remedy to a party wronged by its violation." *Noyola v. Board of Education of City of Chicago*, 179 Ill. 2d 121, 128 (1997). We have no dispute with these legal principles. Rather, as recognized in *Noyola*, our courts have enforced these legal principles by developing the four-factor test necessary to imply a private right of action under a statute. *Id.* at 130-131 (citing cases). As we have determined above, the implication of a private right of action is not necessary to provide an adequate remedy in this case. Thus, there is no violation of the Act.

¶ 18   Finally, the plaintiff argues that she has stated a cause of action for breach of contract because section 919.50 of the Insurance Rules is incorporated into every insurance contract and she is a third party beneficiary of Cherubin's insurance contract with State Farm. However, it is well settled that a plaintiff cannot use a breach of contract claim to enforce statutory provisions that lack a private right of action. *Ochoa v. State Farm Life Insurance Co.*, 910 F. 3d 992, 995 (7th Cir. 2018) (citing *Village of McCook v. Illinois Bell Telephone Co.*, 335 Ill. App. 3d 32, 39 (2002) (artful pleading does not disguise plaintiff's effort to enforce a statutory violation as a breach of contract claim)). Accordingly, even assuming for the sake of argument that the plaintiff

alleged sufficient facts to establish that she is a third party beneficiary of Cherubin's insurance contract with State Farm, the breach of contract claim is insufficient as a matter of law as it is an improper attempt to personally enforce the Insurance Rules and the Insurance Code. *Id.*

¶ 19                                III. CONCLUSION

¶ 20     For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 21     Affirmed.