2024 IL App (1st) 231710

No. 1-23-1710

Opinion filed December 13, 2024

FIFTH DIVISION

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| GINA BERNACCHI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 CH 11153 |
| | ) | |
| ILLINOIS DEPARTMENT OF INSURANCE | ) | Honorable |
| and DANA POPISH SEVERINGHAUS, in her | ) | Michael T. Mullen, |
| official capacity as DIRECTOR OF | ) | Judge, presiding. |
| INSURANCE, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE MITCHELL delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment and
opinion.

**OPINION**

¶ 1    Plaintiff Gina Bernacchi appeals the circuit court's order granting defendants Illinois

Department of Insurance and its director Dana Popish Severinghaus's motion to dismiss plaintiff's

petition for writ of *mandamus*. The issue on appeal is whether the circuit court erred in granting

defendants' motion to dismiss plaintiff's petition, which sought to compel defendants (1) to

investigate and to prosecute plaintiff's claim of improper claims practice against First Chicago

Insurance Company under the Illinois Insurance Code, and (2) to adopt reasonable rules for the

implementation of the section of the Code that provides the penalties the director can impose if a

company engages in improper claims practices (215 ILCS 5/154.8 (West 2022)). For the following reasons, we affirm.

¶ 2                                         I. BACKGROUND

¶ 3      The following facts are taken from plaintiff's amended petition for writ of *mandamus* and its exhibits, which we take as true for the purposes of defendants' motion to dismiss. In December 2018, plaintiff Gina Bernacchi was a passenger in the back of a taxicab owned by Chicago Seven Cab, Inc., when a vehicle driven by an uninsured motorist struck the taxi, injuring plaintiff. First Chicago Insurance Company insured the taxicab. Plaintiff filed a declaratory judgment action in the circuit court of Cook County against Chicago Seven Cab and First Chicago to determine the amount of coverage available to her under First Chicago's policy. In 2020, the circuit court entered a declaratory judgment determining that under First Chicago's policy, plaintiff had underinsured and uninsured motorist coverage with policy limits of $350,000.

¶ 4      Plaintiff provided First Chicago with 471 pages of documents relating to her claim, including all her medical records concerning her injuries caused by the accident, approximately $43,000 in medical bills for treatment she received for those injuries, and a HIPPA medical authorization release so First Chicago could order any missing records. Plaintiff also provided First Chicago with a report and C.V. from her medical billing expert under Illinois Supreme Court Rule 213(f)(3), which detailed the approximately $80,000 cost of a future knee replacement surgery recommended by an orthopedic surgeon because of injuries plaintiff received in the accident.

¶ 5      First Chicago extended a settlement offer to plaintiff that was roughly equivalent to plaintiff's then incurred medical expenses but did not provide any compensation for her knee

injury, pain and suffering, or loss of normal life. The settlement offer was contingent upon plaintiff signing a release of her claim. Plaintiff rejected the settlement offer.

¶ 6    In February 2021, plaintiff sent First Chicago a demand for the full $350,000 policy limit or else she would file a lawsuit for breach of contract and attorney fees under the Illinois Insurance Code (215 ILCS 5/155 (West 2020)) and proceed immediately with arbitration. First Chicago responded that the medical records provided by plaintiff were incomplete, requested additional supporting documentation, and asked plaintiff to withdraw her policy demand until First Chicago had "all of the necessary information to properly evaluate this claim." Plaintiff responded with another request that First Chicago adjust her claim. She denied that the medical records she had provided were incomplete and stated that First Chicago's delay in adjusting her claim was a "bad faith insurance practice."

¶ 7    Plaintiff subsequently filed an action against First Chicago in the United States District Court for the Northern District of Illinois seeking an order of specific performance compelling First Chicago to adjust her claim pursuant to the Illinois Insurance Code and related regulations. See 215 ILCS 5/154.6 (West 2022); 50 Ill. Adm. Code 919.40 (2014); 50 Ill. Adm. Code 919.50 (2004). In August 2021, the district court dismissed plaintiff's case for failure to state a claim upon which relief could be granted, holding that the sections of the Insurance Code plaintiff relied upon did not provide a private right of action and that only the Illinois Department of Insurance could enforce them. Plaintiff timely appealed.

¶ 8    In October 2022, the Seventh Circuit Court of Appeals affirmed the district court's dismissal of plaintiff's action, holding that "Bernacchi's case rests entirely on state regulations and statutes" and that "these provisions do not provide a private cause of action." *Bernacchi v. First*

*Chicago Insurance Co.*, 52 F.4th 324, 329 (7th Cir. 2022). The Seventh Circuit further held that "[u]nder these regulations, the Illinois Department of Insurance has the sole authority to enforce the codes, and the proper remedy for a party who alleges a violation is to submit a complaint with the department." *Id.* at 329-30.

¶ 9 Meanwhile, back in September 2021, plaintiff filed a consumer complaint with the Illinois Department of Insurance, alleging that First Chicago had improperly handled her claim in violation of various sections of the Insurance Code and its implementing regulations. In October, the Department received First Chicago's response to plaintiff's consumer complaint in which it declined to respond substantively due to its ongoing litigation with plaintiff:

> "First Chicago Insurance Company (FCIC) is currently defending two (2) pending cases involving the claims of [plaintiff], a state arbitration and a federal court proceeding. [Plaintiff] is represented by attorney Sinson in both matters. As such, at this time, due to the pending litigation and to avoid duplicitous proceedings, FCIC must regretfully limit its response to the Department to the aforementioned."

The Department informed plaintiff of First Chicago's response to her complaint and stated that it would not investigate her complaint further:

> "The company has indicated the matter was being addressed through the court system and as such is not required to provide any further documentation. Be advised, the Department does not have the authority to intervene or supersede in any matter addressed through the court system."

¶ 10 In November 2022, plaintiff filed a petition for writ of *mandamus* against the Illinois Department of Insurance and its director, Dana Popish Severinghaus. Plaintiff filed an amended

petition in February 2023. In her amended petition, plaintiff alleged that, due to the Department's regulatory capture by the insurance industry, it has never enforced the sections of the Insurance Code that prohibit bad faith insurance practices. Plaintiff further alleged that, because Illinois courts have held that only the Department can enforce these sections of the Code, claimants such as plaintiff are left with no adequate remedy. The petition alleged 12 different acts by First Chicago that constituted "improper claims practice" under the Code. 215 ILCS 5/154.6. The petition requested an order compelling defendants (1) "to investigate and prosecute Gina Bernacchi's bad faith insurance practices claim against [First Chicago]" and (2) to comply with section 154.8 of the Insurance Code, which provides that "[p]ursuant to Section 401, the Director shall adopt reasonable rules establishing standards for the implementation of this Section." 215 ILCS 5/154.8(1).

¶ 11   Defendants moved to dismiss and argued that plaintiff's petition did not state a cause of action for *mandamus*, that the Department's consumer complaint process was an adequate remedy, and that plaintiff lacked standing to seek *mandamus* relief. 735 ILCS 5/2-619(a)(9) (West 2022). After a hearing, the circuit court granted defendants' motion to dismiss, concluding that plaintiff did not have a clear right to the requested relief, that defendants did not have a clear duty to act, and that the Department's consumer complaint process provided plaintiff with an adequate remedy:

> "I'm concluding that plaintiff cannot use *mandamus* to compel the Department to investigate or prosecute her claim as [the] Department is vested with broad discretion regarding the regulation, investigation, and prosecution of regulated entities such as First Chicago.

Additionally, \*\*\* even if the elements of *mandamus* were satisfied, the Department's consumer complaint process offers an adequate remedy and did provide such a remedy to the plaintiff. Now, I am concluding as a matter of law that the plaintiff does not have a clear right to the requested relief as well as my conclusion that the respondent does not have a clear duty to act in the way that has been requested."

The circuit court denied plaintiff's motion to reconsider, and this timely appeal followed. Ill. S. Ct. R. 303 (eff. July 1, 2017). Taken with this appeal was defendants' motion to strike two references in plaintiff's reply brief to matters outside the record on appeal. We deny this motion as moot because we have not considered either of these references in our consideration of this appeal.

¶ 12                                        II. ANALYSIS

¶ 13    Plaintiff argues that the circuit court erred in granting defendants' motion to dismiss because plaintiff has sufficiently alleged the required elements of a *mandamus* action, and she has no other adequate remedy. A motion to dismiss under section 2-619 of the Code of Civil Procedure "admits the legal sufficiency of the complaint, but asserts an affirmative defense or other matter to defeat the plaintiff's claim." *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). Lack of standing qualifies as an affirmative matter under section 2-619(a)(9). *In re Estate of Schlenker*, 209 Ill. 2d 456, 461 (2004). When ruling on a section 2-619 motion to dismiss, a court must construe the pleadings in the light most favorable to the nonmoving party and "accept as true all well-pled facts in the plaintiff's complaint and any reasonable inferences that arise from those facts." (Internal quotation marks omitted.) *Jackson v. Hehner*, 2021 IL App (1st) 192411, ¶ 27. "Exhibits attached to the complaint become part of the complaint and will also be considered."

*Philadelphia Indemnity Insurance Co. v. Pace Suburban Bus Service*, 2016 IL App (1st) 151659, ¶ 21. We review the grant of a section 2-619 motion to dismiss *de novo*. *Van Meter*, 207 Ill. 2d at 368. Statutory construction is a question of law that is also reviewed *de novo*. *People v. Collins*, 214 Ill. 2d 206, 214 (2005).

¶ 14    In her petition for writ of *mandamus*, plaintiff seeks to compel defendants to investigate her consumer complaint and, assuming investigation reveals that First Chicago has committed improper claims practices, to prosecute her complaint pursuant to the provisions of the Insurance Code. "*Mandamus* is an extraordinary remedy to enforce, as a matter of right, the performance of official duties by a public officer where no exercise of discretion on his part is involved." (Internal quotation marks omitted.) *McHenry Township v. County of McHenry*, 2022 IL 127258, ¶ 59. A writ of *mandamus* will only issue if the plaintiff establishes (1) a clear right to the relief requested, (2) a clear duty of the public official to act, and (3) a clear authority in the public official to comply with the writ. *Id.* Additionally, the plaintiff must have no other adequate remedy. *Id. Mandamus* cannot be used to compel a public official to "reach a particular decision or to exercise his discretion in a particular way," even if the judgment or discretion was erroneously exercised. *Daley v. Hett*, 113 Ill. 2d 75, 80 (1986). Determining whether defendants have discretion under the Code is a question of statutory interpretation. *State ex rel. Leibowitz v. Family Vision Care, LLC*, 2020 IL 124754, ¶ 34 ("The fundamental rule of statutory interpretation is to ascertain and give effect to the legislature's intent, and the best indicator of that intent is the statutory language, given its plain and ordinary meaning.").

¶ 15    Under the Insurance Code, the director of the Illinois Department of Insurance is "charged with the rights, powers and duties appertaining to the enforcement and execution of all the

insurance laws of this State." 215 ILCS 5/401 (West 2022). This includes the power to "make reasonable rules and regulations as may be necessary for making effective such laws," "conduct such investigations as may be necessary to determine whether any person has violated any provision of such insurance laws," and "conduct such examinations, investigations and hearings in addition to those specifically provided for, as may be necessary and proper for the efficient administration of the insurance laws of this State." *Id.*

¶ 16    The Code states that "[i]t is an improper claims practice for any *** company transacting business in this State to commit any of the acts contained in Section 154.6" so long as the act is "committed knowingly in violation of this Act or any rules promulgated hereunder" or "committed with such frequency to indicate a persistent tendency to engage in that type of conduct." *Id*. § 154.5 (West 2022). The Code lists 19 actions that constitute improper claims practice, if they are committed "without just cause and in violation of Section 154.5." *Id*. § 154.6. Examples of such actions include "[f]ailing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies" and "[r]efusing to pay claims without conducting a reasonable investigation based on all available information." *Id*. Under the Code, "[w]henever the Director finds that any company *** is engaging in any improper claims practice as defined in Section 154.5, and that a proceeding in respect thereto would be in the public interest," she shall notify the company of the charges against it and schedule an administrative hearing. *Id*. § 154.7(1) (West 2022). If, after the hearing, the director finds that the company has engaged in an improper claims practice, the director "shall order such company to cease and desist from such practices and, in the exercise of reasonable discretion, may suspend the company's certificate of authority

for a period not to exceed 6 months or impose a civil penalty of up to $250,000, or both." *Id*. § 154.8.

¶ 17    Defendants do not have a clear duty to prosecute plaintiff's consumer complaint, nor does plaintiff have a clear right to this relief. Under the Code, the director is only required to charge a company with improper claims practices and to hold an administrative hearing if the director finds that the company "is engaging in any improper claims practice as defined in Section 154.5, and that a proceeding in respect thereto would be in the public interest." *Id*. § 154.7(1). In other words, if, after investigating plaintiff's consumer complaint, the director finds that the company has not engaged in any improper claims practice, then she is not required to hold a hearing or issue penalties under the Code. Defendants' decision to prosecute First Chicago's alleged improper claims practices in plaintiff's consumer complaint is discretionary and cannot be compelled by a writ of *mandamus*. See, *e.g.*, *Hadley v. Ryan*, 345 Ill. App. 3d 297, 301-02 (2003) (*mandamus* could not be used to compel the attorney general to prosecute the plaintiff's claim where statutory language gave the attorney general discretion in choosing which actions to prosecute).

¶ 18    The Department also has discretion in its decision to investigate plaintiff's consumer complaint. Under the Department's implementing regulations establishing the required procedures for handling complaints against insurers, the Department is first required to notify the insurer of the complaint against it. 50 Ill. Adm. Code 926.40 (2023) ("[T]he Department *will* notify the respondent of the complaint." (Emphasis added.)). The insurer must then send its "Response or Report" to the Department, in which it "shall supply adequate documentation that explains all actions taken or not taken and that were the basis for the complaint," including any "[d]ocuments necessary to support the respondent's position." *Id.* "Upon receipt of the respondent's report, the

Department will evaluate the material submitted and advise the complainant of the action taken." *Id.* Possible actions taken by the Department include closing the complaint file, pursuing "further investigation with the respondent or complainant" or "[referring] the complaint file to the appropriate Division within the Department for further regulatory action." *Id.*

¶ 19    Here, the Department notified First Chicago of the complaint against it and received First Chicago's response. It then "evaluate[d] the material submitted" and, exercising its discretion, decided to "[c]lose the complaint file." Because defendants' decision to investigate and to prosecute plaintiff's consumer complaint is discretionary, plaintiff does not have a clear right to the relief requested nor do defendants have a clear duty to act. The circuit court did not err in granting defendant's motion to dismiss plaintiff's petition for writ of *mandamus*. See, *e.g.*, *Turner-El v. West*, 349 Ill. App. 3d 475, 483 (2004) (affirming the dismissal of plaintiff's *mandamus* petition where defendants' decision to photocopy certain documents was discretionary, and therefore plaintiff had no clear right to the relief requested nor did defendants have a clear duty to act).

¶ 20    Further, as to plaintiff's claim that she was injured by the director's failure to "adopt reasonable rules," she lacks standing. "Standing requires an injury to a legally protected interest." *Lombard Historical Comm'n v. Village of Lombard*, 366 Ill. App. 3d 715, 717 (2006). The claimed injury must be distinct and palpable, fairly traceable to the defendant's actions, and substantially likely to be prevented or redressed by the grant of the requested relief. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 492-93 (1988). The lack of rules she complains of pertains to the section of the Code that lists the penalties the director can impose if she finds after a hearing that a company has engaged in an improper claims practice. 215 ILCS 5/154.8(1). However,

plaintiff's consumer complaint was never the subject of an improper claims practice hearing under the Code. Plaintiff has not sufficiently alleged how she has been injured by the director's alleged failure to adopt implementing regulations for this section of the Code, nor how the requested relief would redress any claimed injury.

¶ 21    Finally, plaintiff argues that the circuit court erred in granting defendants' motion to dismiss because a court "may consider a petition for writ of *mandamus* when it presents an issue that is novel and of crucial importance to the administration of justice, even if all the normal requirements for the writ's award are not met initially." *People v. Latona*, 184 Ill. 2d 260, 277 (1998). However, this exception is only applicable in cases involving "our supreme court's exercise of original jurisdiction in *mandamus* proceedings." *Seyller v. County of Kane*, 408 Ill. App. 3d 982, 993 (2011); see also *Cordrey v. Prisoner Review Board*, 2014 IL 117155, ¶ 26 ("When all the normal requirements for the award of a writ of *mandamus* have not been met initially, *this court* may consider a petition for writ of *mandamus* if the writ presents a novel issue that is of crucial importance to the administration of justice." (Emphasis added.)).

¶ 22                                III. CONCLUSION

¶ 23    The judgment of the circuit court of Cook County is affirmed.

¶ 24    Affirmed.

***Gina Bernacchi v. Illinois Department of Insurance*, 2024 IL App (1st) 231710**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 22 CH 11153; the Hon. Michael T. Mullen, Judge, presiding. |
| **Attorneys for Appellant:** | Kent D. Sinson, of Sinson Law Group, of Chicago, for appellant. |
| **Attorneys for Appellees:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and David E. Neumeister, Assistant Attorney General, of counsel), for appellees. |